M. G. HEINTZ ET AL. (RECEIVERS) v. ANTHONY ET AL.

SUIT FOR RECOVERY OF MONEY JUDGMENT A LEGAL ACTION, NOTWITHSTANDING INCIDENTAL EQUITABLE QUESTIONS.

Either party to a suit, the main issue of which is the recovery of a money judgment, is entitled to a jury; and the fact that there are incidental equitable questions between other parties will not change the character of the action.

APPEAL from Hamilton common pleas court.

**C. W. Baker** and **Miller Outcalt,** for plaintiffs.

**Rogers Wright, Thomas Bentham** and **A. C. Shattuck,** for defendants:

If a judgment sought is for money only, though it would have been an equity case before the code, a jury is demandable. Gunsaullus v. Pettit, 46 Ohio St. 27; Dodsworth v. Hopple, 33 Ohio St. 16.

Prayer alone does not determine whether an action is appealable but it depends upon the facts in petition and case made. Reed v. Reed, 25 Ohio St. 422; Corry v. Gaynor, 21 Ohio St. 277.

Where injunction is not primary relief asked case not appealable. Brundridge v. Goodlove, 30 Ohio St. 374; Chapman v. Lee, 45 Ohio St. 356; Bugh v. Sturgeon, 41 Ohio St. 402.

If no other relief than a personal judgment should be given on the facts stated, the fact that other relief is asked and given will not make the case appealable. Dunn v. Kanmacher, 26 Ohio St. 497.

No appeal in interpleader. McGinnis v. Schwab, 24 Ohio St. 336; Pratt v. Insurance Co. 3 Circ. Dec. 287 (5 R. 587); Warner v. Jæger, 3 Circ. Dec. 9 (5 R. 16); Lockland Lumber Co. v. Marsh, 8 Circ. Dec. 624 (16 R. 432); affirmed, Lockland Lumber Co. v. Marsh, 62 Ohio St. 632; Scott v. Hewett, 3 Circ. Dec. 635 (7 R. 5).

## PER CURIAM.

We are of opinion that the main issues in the court below, especially that between Michie and Symmes and Edwards and that between Michie and Symmes and Olmsted Brothers, were purely issues for money only, and as to those either party was entitled to a jury.

The judgment on these issues is the one particularly appealed from.

The fact that there were other incidental equitable questions between other parties does not change the character of the action where the prin-

cipal relief sought is a money judgment. Warner v. Jaeger, 3 Circ. Dec. 9 (5 R. 16); Pratt v. Insurance Co. 3 Circ. Dec. 287 (5 R. 587); Lockland Lumber Co. v. Marsh, 8 Circ. Dec. 624 (16 R. 432).

The appeal herein is prosecuted by Messrs. Symmes and Michie who lost below on issues triable to a jury.

The appeal should be dismissed.